# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV304-C

| | |
|---|---|
| BRENDA COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| TIAA-CREF, KATHY JACKSON,) | |
| TARAN NARAYAN, ROBERT ) | |
| SMITH, and HERB ALLISON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the pro se Plaintiff's "Motion for Recusal [of Defense Counsel]" (document #26) and "Motion for Damages" (document #27), both filed October 4, 2006; the Defendants' "Response[s] ..." (documents ## 36 and 37) both filed October 23, 2006; and documents filed by the Plaintiff on October 30, 2006, which the Clerk of Court docketed as a "Reply" in support of the Plaintiff's Motion for Recusal. The time for the Plaintiff to make any additional filing in support of her Motion for Damages has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motions are now ripe for the Court's consideration.

### I. FACTUAL AND PROCEDURAL BACKGROUND AND DISCUSSION

This is an action to recover an unspecified amount of compensatory and punitive damages for unlawful employment discrimination based on race, gender, and national origin and retaliation in violation of of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), as well as a state law claim for defamation.

On July 25, 2006, the pro se Plaintiff, Brenda Collins, filed a form-book Complaint in which she alleges generally that her former employer, Defendant TIAA-CREF, subjected her to disparate treatment and then terminated her based on her race, gender, and national origin, and that the individual Defendants, who apparently were her former co-workers and/or supervisors, defamed her.

On September 13, 2006, the Defendants, who are represented by Fred B. Monroe of the Charlotte law firm James, McElroy & Diehl, P.A., and Abigail J. Politzer and Allegra J. Lawrence of Sutherland, Asbill & Brennan, LLP, in Atlanta, filed their Answers. See documents ## 16-20.

On October 4, 2006, the Plaintiff filed her Motion for Recusal of all defense counsel. Giving the Plaintiff's untutored writing every benefit of the doubt, she is attempting to allege that Mr. Monroe, Ms. Politzer, and Ms. Lawrence have an ethical conflict of interest that prevents them from representing both the corporate Defendant and the individual Defendants who are its current (or possibly former) employees.

The Plaintiff has not alleged, however, any facts supporting her Motion, much less facts, that, if true, establish the existence of even a potential conflict of interest. Rather, in her "Reply," the Plaintiff simply predicts that "as time advances, the conflict of interest will be evident." Document #38 at 4. Moreover, as the Defendants point out in their Response, Rule 1.13(g) of the North Carolina Rules of Professional Conduct expressly permits a lawyer to represent both a corporation and its employees unless the interests of the corporation and those employees are "materially adverse." Accordingly, in the absence of any evidence of a present or potential conflict of interest, the Plaintiff's Motion for Recusal must and will be denied.

Also on October 4, 2006, the Plaintiff filed her "Motion for Damages," in which she re-states, albeit with slightly more detail than in her Complaint, her belief that she is entitled to recover

2

some amount of compensatory and punitive damages from the Defendants. Construing the Plaintiff's inartful pleading liberally, her Motion for Damages amounts to a premature Motion for Summary Judgment on her claims against the Defendants, that is, a motion it would be inappropriate to file or address prior to the conclusion of discovery. Accord Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) (summary judgment should be denied, or resolution of the motion continued, if there has been an inadequate time for discovery); Evans v. Technologies Applications and Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (same); and Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390, 394 (4th Cir. 1994) (same).

Accordingly, the undersigned will respectfully recommend that the Plaintiff's Motion for Damages be denied without prejudice to her right to file an appropriately supported Motion for Summary Judgment at the close of discovery.

## II. ORDER

**NOW THEREFORE, IT IS ORDERED** that the Plaintiff's "Motion for Recusal [of Defense Counsel]" (document #26) is **DENIED**.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned will respectfully recommend that the Plaintiff's Motion for Summary Judgment, entitled "Motion for Damages," (document #27) be **DENIED WITHOUT PREJUDICE** to the Plaintiff's right to file a Motion for Summary Judgment at the conclusion of the discovery period.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: November 7, 2006

_Carl Horn, III_

Carl Horn, III
United States Magistrate Judge