## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL NO. 3:06CV304-C

| | | |
|---|---|---|
| **BRENDA COLLINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND RECOMMENDATION** |
| _____ | ) | |
| **TIAA-CREF, KATHY JACKSON,** | ) | |
| **TARAN NARAYAN, ROBERT** | ) | |
| **SMITH, and HERB ALLISON,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the individual Defendants' "Motion for Judgment on the Pleadings" (document #42) and "Memorandum in Support ..." (document #43), both filed November 10, 2006; and the pro se Plaintiff's "Objection ..." (document #49) filed November 20, 2006. Defense counsel has informed chambers' staff telephonically that the Defendants will not be filing a reply brief.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for the Court's consideration.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover an unspecified amount of compensatory and punitive damages for unlawful employment discrimination based on race, gender, and national origin and retaliation in violation of  of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), as well as a state law claim for defamation.

The pro se Plaintiff, Brenda Collins, is a former employee of the corporate Defendant,

TIAA-CREF.  The individual Defendants, Kathy Jackson, Taran Narayan, Robert Smith, and Herb Allison, apparently were the Plaintiff's former co-workers and/or supervisors.

On July 25, 2006, the pro se Plaintiff filed a Complaint alleging generally that TIAA-CREF and three of the individual Defendants (Defendants Jackson, Narayan, and Smith) subjected her to disparate treatment and then terminated her based on her race, gender, and national origin and in retaliation for her complaints, all in violation of Title VII, and that the same Defendants also defamed her.  As the Defendants point out in their present Motion, although Defendant Allison is listed in the caption of the Complaint, the Plaintiff did not initially allege any, much less unlawful, conduct on his part or otherwise direct any of her claims against him.

On October 4, 2006, the Plaintiff filed her "Motion for Recusal" (document #26) of all defense counsel, which  giving the Plaintiff's untutored writing every benefit of the doubt, was an attempt to allege that defense counsel had an ethical conflict of interest preventing them from representing both the corporate Defendant and the individual Defendants.

Also on October 4, 2006, the Plaintiff filed a "Motion for Damages" (document #27) which, construing her inartful pleading liberally, the Court treated as a premature Motion for Summary Judgment.

On November 7, 2006, the undersigned denied the Plaintiff's Motion for Recusal and recommended to the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.) that the Plaintiff's Motion for Damages be denied without prejudice to her right to file an appropriately supported Motion for Summary Judgment at the close of discovery.    See "Memorandum and Recommendation and Order" at 2-3 (document #41).

On November 10, 2006, the individual Defendants filed their Motion for Judgment on the

Pleadings as to the Plaintiff's Title VII claims, and concerning Defendant Allison, as to the Plaintiff's state law defamation claim as well.

Concerning the second point, in her "Objection," the Plaintiff states only that Defendant Allison had final responsibility for the enforcement of TIAA-CREF's anti-discrimination policies. In other words, even taking the Complaint and the Plaintiff's present brief as entirely true, Mr. Allison is the subject, at most, of the Plaintiff's Title VII claims, rather than her state law defamation claim.

The Defendants' Motion has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION

Although, a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is separate and distinct from a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the distinction is one without a difference [because federal courts] apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broadcasting Co. of Delaware v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Accord Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) ("viewing the Defendants' motion as a Rule 12(c) motion does not have a practical effect upon our review, because we review the district court's dismissal de novo and in doing so apply the standard for a Rule 12(b)(6) motion").

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

3

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted).

In considering a Rule 12(b)(6) motion, a complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, even taking the limited allegations of the pro se Complaint as entirely true and construing every possible inference therefrom in the Plaintiff's favor, her Title VII claims against the individual Defendants must be dismissed. Indeed, the Fourth Circuit Court of Appeals has

unequivocally held that employees, even supervisors, are not liable in their individual capacities under Title VII. Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("An analysis of Title VII's language and its remedial scheme leads us to join the other circuit courts and conclude that supervisors are not liable in their individual capacities for Title VII violations.") Accord Wathen v. General Elec. Co., 115 F.3d 400, 406 (6th Cir. 1997); Dici v. Pennsylvania, 91 F.3d 542, 552 (3d Cir. 1996); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996); Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995); Gary v. Long, 59 F.3d 1391, 1399 (D.C. Cir. 1995); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994); Smith v. St. Bernards Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994); and Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993).

The Fourth Court has stated that:

Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company.

Lissau, 159 F.3d at 181. Accord Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994) (rejecting individual liability under the ADEA).

Accordingly, because the individual Defendants are not properly named defendants as a matter of law, the Plaintiff's Title VII claims against them clearly must be dismissed.

Moreover, and accepting as true at this point of the proceedings the Plaintiff's generalized contention that the other individual Defendants defamed her in some fashion, because it is clear that she does not allege a defamation claim as to Defendant Allison, the undersigned will respectfully recommend that the Complaint be dismissed in its entirety concerning that Defendant.

# III.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned will respectfully recommend that the individual Defendants' "Motion for Judgment on the Pleadings" (document #42) be **GRANTED,** that is, that the Complaint be **DISMISSED WITH PREJUDICE** as to Defendant Herb Allison and that the Plaintiff's Title VII claims be **DISMISSED WITH PREJUDICE** as to Defendants Kathy Jackson, Taran Narayan, and Robert Smith.

# IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).  Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365.  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: November 28, 2006

Carl Horn, III
United States Magistrate Judge