# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV304-C

| | |
|---|---|
| **BRENDA COLLINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **TIAA-CREF, KATHY JACKSON,**) | |
| **TARAN NARAYAN, ROBERT** ) | |
| **SMITH, and HERB ALLISON,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Defendants' Motion to Seal Documents" (document #58) and "Memorandum in Support" (document #59), both filed January 26, 2007.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).

This is an action to recover an unspecified amount of compensatory and punitive damages for unlawful employment discrimination based on race, gender, and national origin and retaliation in violation of of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), as well as a state law claim for defamation.

The pro se Plaintiff, Brenda Collins, is a former employee of the corporate Defendant, TIAA-CREF. The individual Defendants, Kathy Jackson, Taran Narayan, Robert Smith, and Herb Allison, apparently were the Plaintiff's former co-workers and/or supervisors.[1]

---

[1] On November 28, 2006, the undersigned recommended that the Defendants' "Motion for Judgment on the Pleadings" (document #42) filed November 10, 2006, be granted, that is, that the Plaintiff's Title VII claims be dismissed as to all of the individual Defendants and that the Plaintiff's state law claim be dismissed as to Defendant Allison as well. See "Memorandum and Recommendation" at 6 (document #50). This Memorandum and

In their present Motion, the Defendants move to seal three documents the Plaintiff has filed on the grounds that those documents (##39, 46, and 47)[2] "contain confidential and personal information of [the corporate Defendant's] participants, such as names, addresses, Social Security numbers, dates of birth, financial account numbers, and personal identification numbers."

The subject documents are:

(1) an affidavit executed by Jesse Edward Spencer, stating that Mr. Spencer maintained a retirement account with the corporate Defendant, Document #39, filed October 30, 2006;

(2) an affidavit from Mindy Greenwell, an employee of the Human Resources Department of Indiana State University, verifying that Mr. Spencer was last an University employee on June 6, 1965, Document #40, filed November 6, 2006; and

(3) the Plaintiff's "Declaration" that she allegedly complained about the corporate Defendant's treatment of Mr. Spencer's account, Document #41, filed November 7, 2006.

At the outset, the undersigned notes that none of these documents contain Mr. Spencer's, or anyone's, Social Security number, although they do contain Mr. Spencer's birth date and his customer and account numbers. As the Defendants concede (in a footnote in their supporting brief), however, all of this information was provided to the Plaintiff voluntarily by Mr. Spencer and the University.

---

Recommendation is presently pending before the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.).

[2]The Plaintiff apparently intended these documents to support her "Motion for Recusal [of Defense Counsel]" (document #26) and "Motion for Damages" (document #27), both filed October 4, 2006. On November 7, 2006, the undersigned denied the Plaintiff's Motion for Recusal and recommended that the Plaintiff's Motion for Damages be denied without prejudice to her right to file an appropriately supported Motion for Summary Judgment at the close of discovery. See "Memorandum and Recommendation and Order" at 2-3 (document #41). This recommendation is pending before Judge Conrad as well.

Nevertheless, the Defendants base their Motion on the premise that this type of information is ordinarily confidential, and that the affiants may not have realized that the Plaintiff would file the affidavits with the Court.  This concern is rebutted by the fact that each affidavit contains a reference, at the top of the first page,  to "Federal Court Case" and this action's file number. Additionally, Mr. Spencer's affidavit contained a request that Mr. Spencer mail the completed affidavit to the "U.S. District Court Clerk, Western District of North Carolina, 401 West Trade Street, Rm. 210, Charlotte, NC 28202."   Although the docket indicates that the Plaintiff filed both affidavits, along with her Declaration, there can be little doubt that the affiants were aware that the information they provided would become part of the record in this proceeding.

In short, where the information that the Defendants seek to seal was provided freely and without any evident concern that the information not be disclosed in filings with this Court, the Defendants' Motion to Seal will be <u>denied</u>.

**NOW THEREFORE, IT IS ORDERED** :

1.  The "Defendants' Motion to Seal  Documents" (document #58) is **DENIED**.

2.  The Clerk is directed to send copies of this Memorandum and Order to the <u>pro se</u> Plaintiff; to counsel for the Defendants; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED**.

Signed: January 29, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge