# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| BRENDA COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TIAA-CREF, KATHY JACKSON, ) | Civil No. 3:06CV00304 |
| TARAN NARAYAN, ROBERT ) | |
| SMITH AND HERB ALLISON, ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

The Parties having requested the issuance of a protective order in this proceeding, pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of this Court, it is HEREBY ORDERED that:

1. Plaintiff Brenda Collins ("Plaintiff") and Defendants Teachers Insurance and Annuity Association ("TIAA"), Kathy Jackson, Taran Narayan, Robert Smith, and Herb Allison[1] ("Defendants") shall have the right to designate as confidential any documents, things and information produced in response to discovery requests served in this case that the parties believe contain confidential, personal, or sensitive private information, trade secrets, confidential research, development, or commercial or private information or any other confidential proprietary or business information.

---

[1] Plaintiff's former employer, TIAA, was identified in the Complaint as TIAA-CREF (Teachers Insurance and Annuity Association-College Retirement Equities Fund). On November 28, 2006, Magistrate Judge Carl Horn, III entered a Memorandum and Recommendation, recommending that Mr. Allison be dismissed from this matter.

-1-

2. All documents, things and information designated as confidential pursuant to paragraph 1 of this Order and all information obtained from any things or documents so designated ("Produced Pursuant to Protective Order" or "Confidential") shall, subject to the provisions hereof, be used by the party receiving it only in connection with the litigation and appeal of this action. Material designated in this fashion shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as expressly provided herein.

3. All material "Produced Pursuant to Protective Order" or "Confidential" shall be so designated by stamping the legend at the time of its production. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable. In the event that a party receiving documents designated as Produced Pursuant to Protective Order or Confidential disagrees with such a designation as to one or more documents, that party shall have a right to seek an order from the Court, pursuant to noticed motion, voiding the designation in whole or in part. However, until such a time as the Court rules that a particular document or set of documents designated as Produced Pursuant to Protective Order or Confidential are not subject to protection, the parties will continue to treat any such designated documents as protected under this Order.

4. Material that is Produced Pursuant to Protective Order or Confidential, copies thereof, and the information contained therein shall be made available only to and inspected only by:

    (a) The parties;

(b) Counsel for the parties in this action and their employees who are working on this litigation;

(c) The Court in this action;

(d) Court reporters at proceedings in this action; and

(e) Expert witnesses and consultants who are directly employed or retained in connection with this action by counsel for the parties, or any of them (hereinafter referred to as "experts"), to the extent that such disclosure is necessary for the preparation of this case for trial or appeal. Only such confidential information that is directly relevant to the testimony of an expert may be revealed to that expert.

5. All persons (other than persons described in paragraphs 4(a)-(d) above) to whom disclosure of confidential information or material is made pursuant to paragraphs 4 above, shall, prior to such disclosure, be informed of the contents of this Order and shall execute an agreement in the form of the Confidentiality Agreement attached hereto as Exhibit "A." Each person shall agree, and shall be bound by this Order, not to disclose such material to anyone else except as permitted herein, and not to use it for any purpose other than trial preparation, trial or appeal of this action.

6. Material which is Produced Pursuant to Protective Order or Confidential, including all copies, extracts, and summaries thereof and all documents containing information taken therefrom, shall remain in the custody of counsel and shall

AO 1592370.1

not be provided to other persons except as necessary to prepare for trial or appeal of this action pursuant to paragraph 4 above.

7. In any deposition or hearing where material Produced Pursuant to Protective Order or Confidential is discussed with a witness, the parties shall treat the exhibit and relevant portions of the deposition transcript consistent with the confidentiality requirements set forth herein.

8. At the conclusion of this action, all material Produced Pursuant to Protective Order or Confidential (including all copies, extracts, and summaries thereof and all documents containing information taken therefrom) shall be returned to counsel for the producing party no later than thirty (30) days after the unappealed or unappealable final judgment or settlement of the present action.

9. The Clerk shall maintain all transcripts, exhibits and other documents which are designated as Produced Pursuant to Protective Order or Confidential. Such material shall be made available only to (a) the Court; (b) court personnel; (c) the parties to this action; and (d) counsel for the parties to this action.

10. In order to permit discovery to proceed without further delay, the parties agree that this Stipulated Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after commencement of this case.

AO 1592370.1

**SO ORDERED**.  Signed: February 12, 2007

_____
Carl Horn, III
United States Magistrate Judge 

AGREED AND CONSENT TO:

|  |  |
|---|---|
|  | _____ |
|  | Allegra J. Lawrence |
|  | GA Bar No.: 439797 |
| _____ | Abigail Politzer |
| Brenda Collins | GA Bar No.: 141429 |
| 771 Reigate Road | Sutherland Asbill & Brennan LLP |
| Charlotte, NC 28262 | 999 Peachtree Street, N.E. |
|  | Atlanta, Georgia 30309-3996 |
| Plaintiff | Tel: (404) 853-8000 |
| Date: _____ | Fax: (404) 853-8806 |

Fred B. Monroe
N.C. Bar No.: 23438
JAMES, McELROY & DIEHL, P.A.
600 South College Street
Charlotte, NC 28202
Tel: (704) 372-9870
Fax: (704) 350-9373
Email: fmonroe@jmdlaw.com

Attorneys for Defendants

Date: _____

-5-

AO 1592370.1

# EXHIBIT "A"

## CONFIDENTIALITY AGREEMENT

The undersigned having read and, understood the Protective Order governing the restricted use of documents, things and information obtained from the parties in the above captioned matter, hereby agrees to be bound by the terms thereof.

_____

Name (Print): _____

Dated this \_\_\_\_\_ day of _____, 200\_\_.