# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL NO. 3:06CV304-C

| | | |
|---|---|---|
| **BRENDA COLLINS,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| **vs.** | **)** | **MEMORANDUM AND ORDER** |
| | **)** | |
| **TIAA-CREF, KATHY JACKSON,** | **)** | |
| **TARAN NARAYAN, ROBERT** | **)** | |
| **SMITH, and HERB ALLISON,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| | **)** | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Quash" (document #68) filed April 17, 2007; the Defendants' "Motion for Sanctions" (document #71) filed May 1, 2007; and the parties' related briefs. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motions are now ripe for the Court's consideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover an unspecified amount of compensatory and punitive damages for unlawful employment discrimination based on race, gender, and national origin and retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), as well as a state law claim for defamation.

The pro se Plaintiff, Brenda Collins, is a former employee of the corporate Defendant, Teachers Insurance and Annuity Association ("TIAA"). Plaintiff filed a Complaint alleging generally that TIAA and the individual Defendants, her former co-workers and/or supervisors,

subjected her to disparate treatment and then terminated her based on her race, gender, and national origin and in retaliation for her complaints, all in violation of Title VII.

The Plaintiff seeks damages for "loss of status, distress, including extreme worries and loss of sleep, extreme humiliation, economic harm, and [loss of] reputation." Regarding the physical and emotional distress claims made by the Plaintiff, the Defendants have sought discovery of her medical records and psychotherapy notes.

On January 29, 2007, the Defendants served their initial discovery requests, including Requests for Production of Documents. While initially complying with some of the discovery requests, the Plaintiff ultimately failed to produce complete medical records or to execute and return the medical authorizations needed for Defendants otherwise to obtain Plaintiff's medical documents and psychotherapy notes directly from her healthcare providers.

Defense counsel sent three letters to the Plaintiff in an attempt to resolve the discovery dispute without the necessity of court involvement.

On April 11, 2007, the Plaintiff returned to the Defendants a complete set of executed medical authorizations. Believing the matter to be resolved, the Defendants' counsel notified the Plaintiff of the Defendants' intent to obtain Plaintiff's medical records directly from her healthcare providers, a step they were required to take under governing HIPAA Privacy Regulations, 45 C.F.R. § 164.512(e), prior to forwarding those authorizations to the Plaintiff's respective healthcare providers.

On April 17, 2007, and despite having executed the medical authorizations with knowledge of their intended use, the Plaintiff inexplicably filed her Motion to Quash, objecting to producing her medical records. In the same Motion, the Plaintiff also belatedly complains that there were

deficiencies in the Defendants' discovery responses.

Concerning the second point, the record shows to the contrary that the Defendants have timely served their initial disclosures as required by Fed. R. Civ. P. 26(a)(1) and have timely responded to Plaintiff's Interrogatories, and that she has served no other discovery requests.

On May 1, 2007, the Defendants filed their responsive brief, along with a Motion for Sanctions, seeking imposition of monetary sanctions and issuance of a warning to the Plaintiff of the consequences of any further failure to comply with the discovery process.

On May 10, 2007, the Plaintiff filed a Response to the Defendants' Motion for Sanctions, in which she stated, inter alia, "I agree that my medical records and therapist records are relevant to this case...." "Response..." at 10 (document #72).

The parties' Motions have been briefed as set forth above and are, therefore, ripe for disposition.

## II. DISCUSSION

It is well settled that it is within the district court's substantial discretion to grant or deny a motion to quash. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (discovery orders reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

At the outset, it is clear that the Defendants are entitled to the production of the Plaintiff's medical records, a fact the Plaintiff has admitted. The Plaintiff's Motion to Quash will, therefore,

be denied.

Moreover, the imposition of sanctions, including dismissal, is a remedy available under Rule 37 for a party's failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b)(2)(C); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir. 1977).[1] Prior to entry of such sanctions, however, the Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow. See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying these principles to the record in this case, the undersigned concludes that it is not appropriate to sanction the pro se Plaintiff at this time. Although there has been a general pattern of noncompliance on the Plaintiff's part, no warnings have previously been given concerning possible consequences of such conduct. Accordingly, the undersigned will deny the Defendants' motion for monetary sanctions.

---

[1] Rule 37(b)(2) governs the appropriate sanctions for failure to comply with a discovery order, stating in relevant part:
> If a party … fails to obey an order to provide or permit discovery … the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following… (C) An order … dismissing the action or proceeding or any part thereof….

Fed. R. Civ. P. 37(b).

In Mutual Federal, the Fourth Circuit restated the four factors a district court should consider in deciding whether to impose the sanction of dismissal. These factors are:
> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. at 92, citing Wilson, 561 F.2d at 503-04.

However, the undersigned warns the Plaintiff that any further failure to respond to the Defendant's reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure, will likely result in the imposition of sanctions. **Sanctions can include the offending party being required to pay the opposing party's costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice.**

## III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Plaintiff's "Motion to Quash" (document #68) is **DENIED**.

2. The Defendant's "Motion for Sanctions" (document #71) is **DENIED** without prejudice to the Defendants' right to renew their Motion should the Plaintiff fail to comply with the Rules governing discovery or any Order of this Court.

3. The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff, Brenda Collins, 301-D Heritage Lake Drive, Charlotte, NC 28262; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: May 24, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge