# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV304-C

| | |
|---|---|
| **BRENDA COLLINS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| **TIAA-CREF, KATHY JACKSON,**) | |
| **TARAN NARAYAN, ROBERT** ) | |
| **SMITH, and HERB ALLISON,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the following motions and memoranda:

1. "Defendants' Renewed Motion for Sanctions Against Brenda Collins for Continued Discovery Abuses and Vexatious Conduct" and ". . . Memorandum in Support . . ." (document ##79-80), both filed July 30, 2007;

2. "Defendants' Emergency Motion for Hearing on Renewed Motion for Sanctions . . ." (document #82) filed July 30, 2007;

3. "Plaintiff's Objection . . ." (document #84) filed August 7, 2007;

4. Defendants' "Reply Memorandum . . ." (document #88) filed August 16, 2007;

5. "Defendants' Motion for Contempt and Supplement to Renewed Motion for Sanctions . . ." and ". . . Memorandum in Support . . ." (document ##85-86), both filed August 16, 2007;

6. "Plaintiff's Objection . . ." (document #89) filed August 23, 2007; and

7. Defendants' "Reply Memorandum . . ." (document #90) filed September 4, 2007.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant</u>, to the extent discussed below, the Defendants' Motions for Sanctions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover an unspecified amount of compensatory and punitive damages for unlawful employment discrimination based on race, gender, and national origin and retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), as well as a state law claim for defamation.

The <u>pro se</u> Plaintiff, Brenda Collins, is a former employee of the corporate Defendant, Teachers Insurance and Annuity Association ("TIAA"). Plaintiff filed a Complaint alleging generally that TIAA and the individual Defendants, her former co-workers and/or supervisors, subjected her to disparate treatment and then terminated her based on her race, gender, and national origin and in retaliation for her complaints, all in violation of Title VII.

The Plaintiff seeks damages for "loss of status, distress, including extreme worries and loss of sleep, extreme humiliation, economic harm, and [loss of] reputation." Regarding the physical and emotional distress claims made by the Plaintiff, the Defendants have properly sought discovery of her medical records, including psychotherapy notes.

On January 29, 2007, the Defendants served their initial discovery requests, including Requests for Production of Documents. While initially complying with certain of the discovery requests, the Plaintiff ultimately failed to produce complete medical records or to execute and return the medical authorizations needed for Defendants to obtain the subject medical records directly from the Plaintiff's health care providers.

On April 11, 2007, the Plaintiff belatedly provided the Defendants with a complete set of

executed medical authorizations. Believing the matter to be resolved, the Defendants' counsel notified the Plaintiff of the Defendants' intent to obtain Plaintiff's medical records directly from her health care providers, a step they were required to take under governing HIPAA Privacy Regulations, 45 C.F.R. § 164.512(e), prior to forwarding those authorizations to the providers.

On April 17, 2007, and despite having executed the medical authorizations with knowledge of their intended use, the Plaintiff filed a Motion to Quash, objecting to producing her medical records (which she has agreed are relevant to this action). This Court denied the Plaintiff's Motion to Quash on May 24, 2007, and warned her of potential sanctions which may be imposed on a party who fails to obey the rules governing discovery and/or to comply with the Orders of this Court.

In spite of this warning, the Plaintiff specifically instructed her medical providers to ignore the authorizations she had executed and to withhold her medical records from the Defendants. Indeed, in addition to her contumacious conduct, the Plaintiff has engaged in conduct so disruptive and harassing that one of her treating physicians, Dr. Moss, has declined to retain her as a patient.[1]

Carolinas Health Care Systems has refused to comply with the Defendants' subpoena of the Plaintiff's medical records because her chart contains a note from the Plaintiff in which she rescinds the previously executed authorization to release her records. The Plaintiff's psychiatric care providers have also failed to comply with the Defendants' subpoena, although whether this is also due to an instruction from the Plaintiff is unknown to the Court at this time.

The Defendants also complain about the Plaintiff's failure to comply with expert disclosure obligations. The Plaintiff has simply advised the Defendants that her doctors are her experts and

---

[1] With regard to Dr. Moss' records, the Plaintiff attempted to have some, but not all, of her records transmitted to the Defendants, but has now, as to this provider only, provided a written statement withdrawing her objections to production of her complete medical records.

her medical records (which she has still failed to fully disclose) will serve as their expert reports. Due to the difficulties the Defendants have had seeking more detailed expert disclosures, they also seek extensions of their expert witness deadline, as well as the discovery and dispositive motions deadlines.

The Defendants' Motions have been briefed as set forth above and are, therefore, ripe for disposition.

## II. DISCUSSION

The imposition of sanctions, up to and including dismissal, are remedies available under Rule 37 for a party's failure to obey rules governing discovery and orders of the district court. See Fed. R. Civ. P. 37(b)(2)(C); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir. 1977).[2] Prior to imposition of sanctions, however, the Fourth Circuit has emphasized the significance of both establishing a history

---

[2] Rule 37(b)(2) governs the appropriate sanctions for failure to comply with a discovery order, stating in relevant part:

> If a party … fails to obey an order to provide or permit discovery … the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following…
> (C) An order … dismissing the action or proceeding or any part thereof….

Fed. R. Civ. P. 37(b).

In Mutual Federal, the Fourth Circuit restated the four factors a district court should consider in deciding whether to impose the sanction of dismissal. These factors are:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Id. at 92, citing Wilson, 561 F.2d at 503-04.

4

of dilatory action and warning to the offending party of what may follow.  See, e.g., Hathcock v. Navistar Int'l Transp. Corp., 55 F.3d 36, 40 (4th Cir. 1995); Choice Hotels Int'l v. Goodwin & Boone, 11 F.3d 469, 473 (4th Cir. 1993); and Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987).

Applying these principles to the record in this case, the Plaintiff has clearly failed to provide the Defendants access to her medical records even after being warned of the possible consequences in this Court's May 24, 2007 Order (document #74 at 4-5).  Nor is there any question that the Defendants are entitled to the medical and psychiatric records; indeed, the Plaintiff has admitted their relevancy to her claims.  Nevertheless, due to her pro se status, the Court will allow the Plaintiff one last opportunity to provide the Defendants with her complete medical records.  The Plaintiff has **THIRTY (30) DAYS FROM THE DATE OF THIS ORDER TO PROVIDE HER WRITTEN CONSENT TO EACH OF HER MEDICAL HEALTH CARE PROVIDERS (INCLUDING PSYCHIATRIC CARE PROVIDERS) TO COMPLY FULLY WITH THE DEFENDANTS' SUBPOENAS.**

Should the Plaintiff fail to comply in a timely and thorough manner with this Order, she will be **PROHIBITED FROM PRESENTING THE TESTIMONY OF HER HEALTH CARE PROVIDERS OR OFFERING THE SUBJECT RECORDS INTO EVIDENCE.**  The pro se Plaintiff should understand that if she is prohibited from presenting evidence regarding her medical and psychiatric problems, allegedly caused by the employment discrimination about which she complains, her ultimate success in recovering related damages is highly unlikely.

The Defendants also argue that the Plaintiff should be prohibited from calling any of her doctors as expert witnesses because she has failed to submit the required expert disclosures or

5

reports. Interestingly, the pro se Plaintiff, not understanding the difference between a "fact witness" and an "expert witness," has simply stated that she intends to call only her medical providers as experts and referred to her medical records as her "expert reports."

    The difference between fact and expert witnesses is often a fine line. Indeed,

> Rule 701 permits lay witnesses to "offer an opinion on the basis of relevant historical or narrative facts that the witness has perceived." . . . This rule, however, generally does "not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness. . . . A critical distinction between Rule 701 and Rule 702 testimony is that an expert witness "must possess some specialized knowledge or skill or education that is not in the possession of the jurors." . . . Unlike a lay witness under Rule 701, an expert can answer hypothetical questions and offer opinions not based on first-hand knowledge because his opinions presumably "will have a reliable basis in the knowledge and experience of his discipline."

Certain Underwriters at Lloyd's, London v. Sinkovich, 232 F.3d 200, 203 (4th Cir. 2000) (internal citations omitted). It appears that the Plaintiff intends to call these physicians as fact witnesses and not expert witnesses. If this is true (and the Plaintiff fully complies with the requirements of this Order), then the Plaintiff will be permitted to call these doctors as fact witnesses – that is, regarding her condition(s) and treatment during the relevant time period. See MCI Telecommunications Corp. v. Wanzer, 897 F.2d 703, 706 (4th Cir. 1990) (allowing bookkeeper to testify as lay witness as to records kept by her personally under her control). However, if the Plaintiff does wish to call these doctors as expert witnesses, she must provide the Defendants with expert reports, as the Defendants quite correctly contend.

    Finally, the undersigned warns the Plaintiff, for the second time, that any further failure to respond in a timely and thorough manner to any reasonable discovery requests not addressed in this Order, or otherwise to comply fully with any of the Court's Orders, the Local Rules, or the Rules of Civil Procedure, will likely result in the imposition of sanctions. **Sanctions can include the**

6

**offending party being required to pay the opposing party's costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice.**

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The "Defendants' Renewed Motion for Sanctions Against Brenda Collins for Continued Discovery Abuses and Vexatious Conduct" (document #79) and their "Motion for Contempt and Supplement to Renewed Motion for Sanctions . . ." (document #85) are **GRANTED** to the extent discussed above.

2. The "Defendants' Emergency Motion for Hearing on Renewed Motion for Sanctions . . ." (document #82) is **DENIED**.

3. Within **thirty (30) days** of this Order the Plaintiff shall inform each of her health care providers, in writing, that she releases them to comply fully with the Defendants' subpoena of her records, or she will not be allowed to call said providers as witnesses or offer the subject records into evidence.

4. The Pretrial Order and Case Management Plan is amended as follows: (1) the Plaintiff's deadline for identifying expert witnesses and filing reports is extended to October 1, 2007; (2) the Defendants' deadline for identifying expert witnesses and filing reports is extended to October 30, 2007; (3) discovery shall be completed on or before November 30, 2007; and (4) the deadline for all motions (except motions in limine and motions to continue) shall be December 31, 2007.

5. The parties shall bear their own costs, including any attorneys' fees incurred in the filing and briefing of the instant Motions.

6. The Clerk is directed to send copies of this Memorandum and Order to the <u>pro se</u> Plaintiff, Brenda Collins, 301-D Heritage Lake Drive, Charlotte, NC 28262; to counsel for the Defendants; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED**.

Signed: September 5, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge