# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV304-C

| | |
|---|---|
| BRENDA COLLINS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TIAA-CREF, KATHY JACKSON,)<br>TARAN NARAYAN, and )<br>ROBERT SMITH, )<br>)<br>Defendants. )<br>) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' "Motion for Independent Psychiatric and Medical Examination of Plaintiff [including citation to authorities and argument] ..." (document #101) filed January 18, 2008; and the pro se Plaintiff's "Objection ..." (document #102) filed January 20, 2008. On January 28, 2008, the Defendants filed their Reply (document #103).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motion is now ripe for the Court's consideration.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will grant the Defendants' Motion for Independent Psychiatric and Medical Examination, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action to recover an unspecified amount of compensatory and punitive damages for unlawful employment discrimination based on race, gender, and national origin and retaliation in violation of of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), as well

as a state law claim for defamation.

The pro se Plaintiff, Brenda Collins, is a former employee of the corporate Defendant, TIAA-CREF. The individual Defendants, Kathy Jackson, Taran Narayan, and Robert Smith, apparently were the Plaintiff's former co-workers and/or supervisors.

On July 25, 2006, the pro se Plaintiff filed a Complaint alleging generally that TIAA-CREF and the individual Defendants subjected her to disparate treatment and then terminated her based on her race, gender, and national origin and in retaliation for her complaints, all in violation of Title VII, and that the same Defendants also defamed her.

On November 10, 2006, the individual Defendants filed their Motion for Judgment on the Pleadings as to the Plaintiff's Title VII claims.

On November 28, 2006, the undersigned respectfully recommended that the individual Defendants' Motion for Judgment on the Pleadings be granted. See "Memorandum and Recommendation" (document #50) ("[T]he Fourth Circuit Court of Appeals has unequivocally held that employees, even supervisors, are not liable in their individual capacities under Title VII.")

On March 30, 2007, the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.) adopted the undersigned's Memorandum and Recommendation and granted the individual Defendants' Motion for Judgment on the Pleadings. See "Order" (document #67). Accordingly, the claims remaining are the Plaintiff's Title VII claims against the corporate Defendant and her state law defamation claim against all Defendants.

In response to the Defendants' written discovery requests, the Plaintiff has indicated that as a result of the Defendants' wrongful acts, she now suffers hypertension, anxiety, migraine headaches, sleep apnea, weight gain, and memory loss.

Sometime prior to January 16, 2008, and after a mediated settlement conference ended in an impasse, defense counsel conferred with the Plaintiff concerning the Defendants' request that the Plaintiff undergo a physical and mental examination at the Defendants' expense. The examination was to be conducted by Scott N. Lurie, M.D., a psychiatrist, assisted by William H. Varley, Ph.D., a psychologist. Dr. Lurie graduated from the Duke University School of Medicine in 1987, completed his residency at Duke in psychiatry in 1991, and was certified by the American Board of Psychiatry and Neurology in 1994. Dr. Varley has been engaged in the active practice of psychology since 1972 when he completed a Ph.D. in psychology from the University of Wisconsin.

On January 16, 2008, defense counsel submitted to the Plaintiff a proposed Order for Independent Psychiatric and Medical Examination, which she had agreed to review but to which she ultimately declined to consent.

On January 18, 2008, the Defendants filed their subject Motion to Compel the examination. In support of the Defendants' Motion, Dr. Lurie avers that he has reviewed the Plaintiff's physical and psychotherapy records, but absent examining the Plaintiff is unable to determine if her alleged impairments are related to her former employment. In order to complete the evaluation, Dr. Varley will need to conduct two three-hour sessions of psychological testing and Dr. Lurie's examination will require one two-and-one-half-hour session.

In her "Objection ..." the Plaintiff contends generally that Dr. Lurie is not qualified to evaluate her sleep disorder or hypertension and requests that the Defendants be required to select an appropriate expert from "the North Carolina I[ndependent] M[edical] E[xaminers] Website on Sleep Disorder/Hypertension," document #102 at 8, but does not object to Drs. Lurie and Varley evaluating her other impairments.

In their "Reply," the Defendants concede that Dr. Lurie and Varley's examinations may reveal a need for more detailed examinations, including of the Plaintiff's sleep disorder or hypertension, but contend that as a medical doctor specializing in psychiatry, Dr. Lurie is qualified to render an initial opinion on both the Plaintiff's high blood pressure and sleep disorder.

The Defendants' Motion has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION

Rule 35 of the Federal Rules of Civil Procedures, entitled "Physical and Mental Examinations," provides:

> The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Fed. R. Civ. P. 35(a)(1). The Rule requires the moving party to deliver a copy of the examiner's report to the party who was examined. Fed. R. Civ. P. 35(b)(1).

Concerning selection of an appropriate expert to conduct an examination, absent a "valid objection" to the physician the moving party chooses, that "choice is to be respected." Powell v. United States, 149 F.R.D. 122, 124 (E.D.Va. 1993), citing Looney v. National R.R. Passenger Corp., 142 F.R.D. 264, 265 (D.Mass. 1992) (overruling plaintiff's objection that proposed expert was biased generally against personal injury plaintiffs); and Liechty v. Terrill Trucking Co., 53 F.R.D. 590, 591 (E.D.Tenn. 1971) ("[u]nless the plaintiff involved has a valid objection to the selection, the respective examinations should be conducted by physicians of the defendant's choosing").

In other words, "[d]efendants have absolutely no say in determining which physician a

4

plaintiff chooses as a treating physician or an expert witness; likewise, a plaintiff should be limited in h[er] ability to object to the selection of the defendant's expert witnesses." Powell, 149 F.R.D. at 124 (noting that plaintiff would be free to cross-examine expert at trial and overruling plaintiff's objection that proposed witness regularly worked for insurance companies).

Applying these principles to the record in this case, the undersigned will grant the Defendants' Motion to Compel the examinations. Indeed, where all of the Plaintiff's impairments, including her sleep disorder and high blood pressure, allegedly resulted from the mental anguish, stress, and other non-physical impacts of her former employment, a licensed medical doctor specializing in psychiatry, assisted by a licensed psychologist, is qualified to conduct the requested evaluation. Moreover, the Plaintiff has been free to select her own treating physicians and other experts (if any), who may also render their opinions at trial, and she will be free to cross-examine the Defendants' experts, including Drs. Lurie and Varley. Accord Powell, 149 F.R.D. at 124; Looney, 142 F.R.D. at 265; and Liechty, 53 F.R.D. at 591.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Defendants' "Motion for Independent Psychiatric and Medical Examination of Plaintiff ..." (document #101) is **GRANTED**, that is:

    a. At dates and times mutually convenient to the parties and Drs. Lurie and Varley, but no later than February 29, 2008, the Plaintiff shall make herself available at those examiners' offices and shall cooperate fully with their examinations and/or testing.

    b. Upon receiving those experts' report(s), defense counsel shall promptly serve copies of

the report(s) on the Plaintiff.

2. The pretrial deadlines are extended as follows:

a. Service of Defendants' experts' reports: March 31, 2008.

b. Completion of discovery: April 30, 2008.

c. Filing of dispositive motions: May 31, 2008.

3. The Clerk is directed to send copies of this Memorandum and Order to the <u>pro se</u> Plaintiff (Brenda Collins, 301-D Heritage Lake Drive, Charlotte, NC 28262); to defense counsel; <u>and to the Honorable Robert J. Conrad, Jr</u>.

**SO ORDERED**.

Signed: January 29, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge