# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV304-C

| | |
|---|---|
| BRENDA COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| TIAA-CREF, KATHY JACKSON,) | |
| TARAN NARAYAN, ROBERT ) | |
| SMITH, and HERB ALLISON, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the following motions and memoranda:

1. "Defendants' Motion to Quash Third-Party Subpoena" (document #110) filed July 10, 2008;

2. "Defendant's Expert's Motion to Quash Plaintiff's Subpoena for Records" (document #112) filed July 9, 2008;[1]

3. "Plaintiff's Opposition for Defendant's Motion to Quash Third Party Subpoena" (document #113) filed July 15, 2008;

4. "Plaintiff's Motion for Extension of Time for Expert Witness's Cross-Examination" (document #114) filed July 21, 2008;

5. "Defendants' Reply Brief in Support of Motion to Quash Third-Party Subpoena" (document #116) filed July 24, 2008;

6. "Plaintiff's Second Opposition to Defendant's Motion to Quash Third Party's Subpoena"

---

[1] A duplicate motion was filed July 22, 2008 (document #115).

(document #117) filed July 30, 2008;

7. "Defendants' Opposition to Plaintiff's Motion for Extension of Time for Expert Witness's Cross-Examination" (document #118) filed August 7, 2008;

8. "Reply of Defendant's Expert to Plaintiff's Second Opposition to the Defendant's Motion to Quash Third Party's Subpoena" (document #120) filed August 11, 2008; and

9. "Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Extension of Time" (document #122) filed August 15, 2008.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the subject Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant in part and deny in part the "Defendants' Motion to Quash Third-Party Subpoena" and "Defendant's Expert's Motion to Quash Plaintiff's Subpoena for Records," and deny the "Plaintiff's Motion for Extension of Time for Expert Witness's Cross-Examination," as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural History

This is an action to recover an unspecified amount of compensatory and punitive damages for alleged employment discrimination based on race, gender, and national origin and retaliation in violation of of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), as well as a state law claim for defamation.

The pro se Plaintiff, Brenda Collins, is a former employee of the corporate Defendant,

2

TIAA-CREF. The individual Defendants, Kathy Jackson, Taran Narayan, and Robert Smith, apparently were the Plaintiff's former co-workers and/or supervisors.

On July 25, 2006, the pro se Plaintiff filed a Complaint alleging generally that TIAA-CREF and the individual Defendants subjected her to disparate treatment and then terminated her based on her race, gender, and national origin and in retaliation for her complaints, all in violation of Title VII, and that the same Defendants also defamed her.

On November 10, 2006, the individual Defendants filed their Motion for Judgment on the Pleadings as to the Plaintiff's Title VII claims.

On November 28, 2006, the undersigned respectfully recommended that the individual Defendants' Motion for Judgment on the Pleadings be granted. On March 30, 2007, the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.) adopted the undersigned's Memorandum and Recommendation and granted the individual Defendants' Motion for Judgment on the Pleadings. Accordingly, the claims remaining are the Plaintiff's Title VII claims against the corporate Defendant and her state law defamation claim against all Defendants.

The subject action is over two years old, and the undersigned has resolved several substantive discovery disputes and granted at least six extensions of the discovery deadlines between these parties. The subject Motions, although factually distinguishable, exemplify the prior disputes which this Court has "refereed"; to say that the parties have remained at odds with each other throughout this action would be understatement. As will be discussed below, both parties have had ample time to complete discovery, and any discovery not yet completed must be attributed to dilatory conduct. Accordingly, this case shall proceed to the dispositive motions phase with the deadline for filing such motions to be extended, in light of the time needed for the Plaintiff to evaluate whether she is able

3

to seek the testing materials and data in compliance with this Order, up to and including October 3, 2008. **This deadline will not be extended again. The Plaintiff shall have up to and including September 5, 2008, in which to comply with the terms of this Order in seeking the information requested in the subpoena from Dr. Varley. The Court will not permit any other discovery to proceed at this late date, and the parties shall file, if they choose to do so, dispositive motions on or before October 3, 2008.**

### B. Motions to Quash Subpoena

On January 29, 2008, the Court granted the Defendant's "Motion for Independent Psychiatric and Medical Examination of Plaintiff . . . ." Specifically, the Court found that:

> where all of the Plaintiff's impairments, including her sleep disorder and high blood pressure, allegedly resulted from the mental anguish, stress, and other non-physical impacts of her former employment, a licensed medical doctor specializing in psychiatry, assisted by a licensed psychologist, is qualified to conduct the requested evaluation. Moreover, the Plaintiff has been free to select her own treating physicians and other experts (if any), who may also render their opinions at trial, and she will be free to cross-examine the Defendants' experts, including Drs. Lurie and Varley. Accord Powell, 149 F.R.D. at 124; Looney, 142 F.R.D. at 265; and Liechty, 53 F.R.D. at 591.

In addition, the Court noted the qualifications of the Defendants' experts, Scott N. Lurie, M.D., a psychiatrist, assisted by William H. Varley, Ph.D., a psychologist, as follows:

> Dr. Lurie graduated from the Duke University School of Medicine in 1987, completed his residency at Duke in psychiatry in 1991, and was certified by the American Board of Psychiatry and Neurology in 1994. Dr. Varley has been engaged in the active practice of psychology since 1972 when he completed a Ph.D. in psychology from the University of Wisconsin.

Following the January 29, 2008 Order, the Plaintiff did submit to examination by the Defendants' experts. Dr. Varley's role in the examination was to provide psychological testing and evaluation under Dr. Lurie's direction. The testing consisted of written testing and clinical

4

interviews which were conducted over a five-day period in February and March 2008. Dr. Lurie and Dr. Varley communicated as necessary to interpret the data.

On April 30, 2008, the Defendants produced Dr. Lurie's expert report – which encompassed the results of the examinations by both Drs. Lurie and Varley. The report summarizes Dr. Varley's findings and contains an eight-page evaluation by Dr. Varley which details his assessment of the Plaintiff and her performance on the different psychological tests.

Following this production, on June 26, 2008, the Plaintiff served Dr. Varley with a subpoena demanding production of the following documents: (1) Minnesota Multiphasic Personality Inventory, Second Addition [sic], (2) SIRS Tests and Results, Etc., (3) MMP 1-2 Test Scores and Original Test Exams with Notes and or Consultant Notes with Dr. Lurie, and (4) Wechsler Adult Intelligence Scale, Third Edition (WAISS-III) Tests and Scores. The subpoena demanded that these documents be produced to Susan Luke Young, Psychological Associates – South Charlotte Clinical Association, 3111 Spring Bank Lane, Suite #1, Charlotte, NC 28226.

On July 1, 2008, Dr. Varley responded to the Plaintiff by letter explaining that he could only produce all of the materials requested to a licensed psychologist due to his ethical and contractual obligations surrounding the actual testing materials. First, the ethical principles for psychologists, as defined by the American Psychological Association ("APA"), require a psychologist to "make reasonable efforts to maintain the integrity and security of test materials." Dr. Varley explains that releasing these tests to the public (in contrast to licensed psychologists also bound by the same code of ethics) could potentially "render them invalid and, therefore, useless." Dr. Varley's other concern addressed in the letter is his contractual agreement with the publishers of these tests – disclosing the raw testing materials to anyone other than a licensed psychologist would put him "in the position of

5

violating copyright laws and disclosing trade secrets."

Dr. Varley sent the Plaintiff a second letter on July 7, 2008, following up a July 3, 2008 phone conversation he had with the Plaintiff concerning the subpoena. The letter refers back to the Plaintiff's statements in the phone conversation that Susan Young is not a licensed psychologist,[2] but that she is associated with licensed psychologists in her office. In spite of this information, the Plaintiff refused to provide Dr. Varley with the name, credentials, license number, telephone number, and mailing address of any psychologist in Ms. Young's office.

Dr. Varley has stated that it would not violate his ethical or contractual obligations to release all of the materials requested to a licensed psychologist and/or to "copy, dictate and transcribe test responses and scores from the copyrighted/protected test materials." However, to "copy, dictate and transcribe" the test materials, Dr. Varley requests that the Plaintiff be required to pay his hourly rate ($175/hour) for his time obligation. The Plaintiff has not agreed to either of these options.

**C. Motion for Extension of Time**

Also relating to the Plaintiff's psychological examination by the Defendants' experts, the Plaintiff seeks an extension of time, up to September 30, 2008, in which to depose Drs. Lurie and Varley. She originally scheduled these depositions for July 23, 2008, but then cancelled them in light of the experts' requests for a retainer to be paid prior to the depositions. Specifically, Dr. Lurie requested a $1,200 retainer – for a projected four-hour deposition at his hourly rate of $300. Likewise, Dr. Varley requested to be paid $525 prior to his deposition – for a projected three-hour deposition at his hourly rate of $175 (plus an additional $350 if he was required to travel to Charlotte for the deposition for two hours of travel time at his hourly rate).

---

[2] Ms. Young is actually a clinical social worker.

6

The Plaintiff seeks this extension to "search for additional funds in order to pay them their fees and costs." She further states:

> [i]f by this time, the plaintiff efforts to raise the funds were unsuccessful, then she will request the court to have both expert witnesses' held in contempt if they still refuses to comply with the request for cross-examination. Both third parties were aware of my pro se status prior to conducting their IME examination. I have asked them to bill me but they have denied my request.

The Defendants oppose this extension citing the many previous extensions granted, the upcoming dispositive motions deadline of September 5, 2008, and the fact that the Plaintiff has been in possession of the experts' report since April 30, 2008.

## II. DISCUSSION

### A. Motions to Quash Subpoena

Federal Rule of Civil Procedure 45 <u>requires</u> that the issuing court quash a subpoena that "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). In addition, Rule 45 <u>permits</u> the issuing court to quash a subpoena if it requires a person to disclose "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B)(i).

As discussed above, Dr. Varley has resisted the Plaintiff's subpoena as it would require him to violate both ethical and contractual obligations. The APA establishes the ethical guidelines for psychologists. See Nola Nouryan & Martha S. Weisel, <u>When Ethics Collide: Psychologists, Attorneys and Disclosure</u>, 36 Cal. W. L. Rev. 125 (1999). The ethical guidelines allow a psychologist to release test data to qualified professionals, such as other psychologists. <u>Id.</u> at 128.

Further,

> psychologists sign agreements with publishers concerning copyright laws that prevent the dissemination of materials published at great expense. In any particular area, there are very few published instruments which psychologists use that have good reliability and validity. The protection of these instruments is of great concern to the profession. If the items in these instruments become public, they can no longer be used and interpreted with confidence.

Id. at 126.

The Court finds that Federal Rule of Civil Procedure 45 both requires and permits it to quash the subject subpoena. Fed. R. Civ. P. 45(c)(3)(A), (B). The Plaintiff seeks not only privileged materials in the raw testing materials, but also places an undue burden on Dr. Varley in asking him to violate both his ethical and contractual obligations. In addition, a subpoena may be quashed when it seeks commercial information – as this one clearly does. Dr. Varley has attempted to compromise with the Plaintiff and produce the requested materials to a licensed psychologist to avoid these ethical and copyright concerns, and in the alternative, is willing to transcribe the data requested by the Plaintiff if compensated for his time at his hourly rate of $175. These are reasonable accommodations to avoid the very serious consequence of the validity of these important tests being compromised.

Accordingly, the Court will grant the subject Motions to Quash to the extent they resist full disclosure of the materials requested in the subpoena, but deny them to the extent that the Plaintiff will be allowed up to and including September 5, 2008, in which to determine whether she is able to retain a licensed psychologist to whom Dr. Varley may release these materials or whether she would prefer to compensate Dr. Varley at his hourly rate to provide her with her responses and data without the proprietary test materials.

B. **Motion for Extension of Time**

The Plaintiff's stated reason for the requested extension of time to depose Drs. Lurie and Varley is that she needs to raise the funds to pay their fees, and if she is unable to raise the funds by September 30, 2008, then she will seek to have these experts held in contempt of court.[3] The Court will deny this request both because the Plaintiff has had ample time to conduct these depositions since her receipt of the experts' report on April 30, 2008, and because the Federal Rules of Civil Procedure require the Plaintiff to compensate the experts for their time.

First, as discussed above, this case was filed over two years ago. Numerous extensions of the discovery deadlines have been granted, each time followed by more dilatory conduct. The Plaintiff's obligation to pay the experts for their time is not new and is not sufficient to allow yet another delay (especially in light of the fact that the Plaintiff's Motion does nothing to reassure the Court that she would actually take the depositions if given the additional time).

Second, Federal Rule of Civil Procedure 26 provides that, "unless manifest injustice would result," a court "must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(C)(i). The Plaintiff must pay the experts unless the Court were to find that "manifest injustice would result." The Court cannot and will not make such a finding in this case. The Plaintiff has the experts' report, and therefore knows the opinion they will present at trial. Indeed, she has been in possession of it since April 30, 2008. In addition, as provided by the subject Order, she has the ability to seek the underlying data. Further,

---

[3] In her Reply memorandum, the Plaintiff seeks to have the Court enforce a Federal Rule of Civil Procedure 68 offer of judgment from the Defendants. She states that the Defendants should be required to pay her within two weeks and then she can use that money to pay for Dr. Lurie's deposition. And, she states that Dr. Varley's "personality tests" should be "dismissed from this litigation." The Plaintiff mistakes the impact of her acceptance of a Rule 68 "offer of judgment" – this would end the case and there would be no need for expert depositions.

9

if she had proceeded diligently in scheduling these depositions, this eleventh hour request would not be necessary.

For these reasons, the "Plaintiff's Motion for Extension of Time . . ." is <u>denied</u>.

### III.  <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  The "Defendants' Motion to Quash Third-Party Subpoena" (document #110), and the "Defendant's Expert's Motion to Quash Plaintiff's Subpoena for Records" (document ##112, 115) are **GRANTED IN PART** and **DENIED IN PART**, as discussed above.

2.  **The Plaintiff shall have up to and including September 5, 2008, in which to comply with the terms of this Order in seeking the information requested in the subpoena from Dr. Varley.  The Court will not permit any other discovery to proceed at this late date, and the parties shall file, if they choose to do so, dispositive motions on or before October 3, 2008.**

3.  The "Plaintiff's Motion for Extension of Time for Expert Witness's Cross-Examination" (document #114) is **DENIED**.

4. The Clerk is directed to send copies of this Memorandum and Order to the pro se Plaintiff, Brenda Collins, 301-D Heritage Lake Drive, Charlotte, NC 28262; to counsel for the Defendants; to William H. Varley, Ph.D., Piedmont Psychological Associates, 1530-A Union Road, Gastonia, NC 28054; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: August 22, 2008

*/s/ Carl Horn, III*

Carl Horn, III
United States Magistrate Judge