# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:06-cv-304-RJC

| | |
|---|---|
| BRENDA COLLINS, | ) |
| Plaintiff, | ) |
| vs. | ) |
| TIAA-CREF, KATHY JACKSON, TARAN NARAYAN, and ROBERT SMITH, | ) ORDER |
| Defendants. | ) |

**THIS MATTER** is before the Court on plaintiff's Motion of Notice for Stipulated Protective Order (Doc. No. 121), defendants' Motion for Settlement Conference (Doc. No. 124), defendants' Second Motion for Sanctions, including dismissal (Doc. No. 129), plaintiff's Response to the Motion for Sanctions (Doc. No. 133), and defendants' Reply to the Motion for Sanctions. (Doc. No. 134). The magistrate judge issued a Memorandum and Recommendation and Order ("M&R") (Doc. No. 140), denying plaintiff's Motion for Protective Order and defendants' Motion for Settlement Conference, granting in part and denying in part defendants' Second Motion for Sanctions to the extent that it seeks monetary and other nondispositive sanctions, and denying defendants' Second Motion for Sanctions to the extent that defendants seek dismissal. The magistrate judge ordered plaintiff to pay $750.00 in monetary sanctions. The plaintiff filed timely objections to the order to pay sanctions (Doc. Nos. 145, 146), and defendants responded to the plaintiff's objections (Doc. No. 149), which are now before the Court.

1

For the reasons stated below, the Court **AFFIRMS** the magistrate judge's Order for the plaintiff to pay $750.00 in monetary sanctions. The Court also **AFFIRMS** the magistrate judge's Memorandum and Recommendation.

I.  BACKGROUND

On July 25, 2006, the pro se plaintiff filed a Complaint to recover compensatory and punitive damages for alleged employment discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e. In the Complaint, the plaintiff also alleges a state law claim for defamation.

Neither party has made specific objections to the findings of fact contained in the magistrate judge's M&R (Doc. No. 140). After careful review of the record in this case, the Court adopts the factual findings made by the magistrate judge on pages two through eight of the M&R for purposes of this Order.

II.  STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Federal Magistrate Act also provides that a magistrate judge has the authority to enter a final order as to non-dispositive discovery matters. 28 U.S.C. § 636(b)(1)(A). The award of

monetary sanctions against a party for discovery violations is a non-dispositive matter.[1]  Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).  "A district judge may reconsider a magistrate judge's non-dispositive ruling 'where it has been shown that the magistrate's order is clearly erroneouss or contrary to law.'"  Morton v. N.C. Attorney Gen., No. 98-6066, 1998 U.S. App. LEXIS 27772, at *3 (4th Cir. Oct. 29, 1998)  (unpublished) (quoting 28 U.S.C. § 636(b)(1)(A)).

III.     DISCUSSION

    A.     Defendants' Reply to Plaintiff's Objections

The magistrate judge issued an order for discovery sanctions instead of a recommendation. (Doc. No. 140 at 13).  In the defendants' reply, the defendants argue that the plaintiff may not object to the magistrate's order because 28 U.S.C. § 636(b)(1) only allows for objections to recommendations by a magistrate judge.[2]  (Doc. No. 149 at 1-2).

Jurisdiction and powers of magistrate judges are governed by 28 U.S.C. § 636.  Wertz v. Grubbs, No. 93-2355, 1995 U.S. App. LEXIS 96, at *11-12 (4th Cir. Jan. 5, 1995).  Non-dispositive pre-trial matters may be referred to a magistrate judge for hearing and determination. Id. at *12 (citing 28 U.S.C. § 636(b)(1)(A)).  Non-dispositive issues generally include discovery sanctions, unless the sanction itself is dispositive of the claim or defense.  Bowers v. Univ. of

---

[1] The Fourth Circuit has held in an unpublished opinion that Rule 37 sanctions – specifically a request for attorneys fees pursuant to Rule 37 – are nondispositive.  Kebe ex rel. K.J. v. Brown, 91 Fed. App'x 823, 827 (4th Cir. 2004) ("The magistrate judge's order disposing of [the plaintiff's] Rule 37 motion for sanctions is undoubtedly a nondispositive matter covered by Rule 72.").

[2] The Court assumes the relevant portion of the statute the defendants refer to is the following: "Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  28 U.S.C. § 636(b)(1).

3

Va., 2008 U.S. Dist. LEXIS 44604, at *12 (W.D. Va. June 6, 2008) (citing Thomas E. Hoar, Inc., 900 F.2d at 525-26).

"Subsection A [of 28 U.S.C. § 636(b)(1)] does not specifically provide for objection by a party to a magistrate judge's order. The objection procedures for orders on non-dispositive matters were subsequently included in Federal Rule of Civil Procedure 72(a)." Segal v. L. C. Hohne Contrs., Inc., 303 F. Supp. 2d 790, 793 n.2 (S.D. W. Va. 2004). Rule 72(a) specifically provides that in non-dispositive matters, a magistrate judge "shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter." Fed. R. Civ. Proc. 72(a). Once a magistrate judge issues an order concerning a non-dispositive matter, a party may object to the order within 10 days. Id. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.

Here, the magistrate judge issued an order for the plaintiff to pay $750.00 to the defendants as a discovery sanction under Federal Rule of Civil Procedure 37(b). The discovery sanction involves a non-dispositive matter governed by Rule 72(a). Therefore, the plaintiff may object to the order, subject to the requirements of Rule 72(a).

    B.    Plaintiff's Objections to the M&R

      1.    Victim of Litigation Abuse

The plaintiff objects to the magistrate's order to pay monetary sanctions because she asserts that she is a victim of the bad faith tactics of defense counsel. (Doc. No. 146 at 1-2). Specifically, the plaintiff alleges the following three incidents: (1) that defense counsel requested information from a court reporting agency to discover how the plaintiff paid for the court

4

reporter's fee; (2) that defense counsel faxed thirty-four pages of case-related documents to the plaintiff's current place of employment when the plaintiff only gave permission for six pages to be faxed; and (3) that plaintiff is no longer represented by an attorney due to defense counsel's failure to notify the plaintiff of the cancellation of a deposition for which the plaintiff's attorney traveled from outside the country. (Doc. No. 145 at 1-2).

The plaintiff fails to explain how the allegations cited in her objection relate to the current matter before the Court. Furthermore, the Court notes that the plaintiff failed to seek a remedy by taking proper legal action concerning these claims. Thus, the Court rejects the plaintiff's objection to pay the ordered monetary sanctions based on the allegations that she is a victim of litigation abuse.

  2. <u>Violation of Plaintiff's Right to be Pro Se</u>

In her objection, the plaintiff argues that the magistrate judge's order to pay monetary sanctions punishes the plaintiff for exercising her constitutional right to represent herself <u>pro se</u>. (Doc. No. 146 at 2). To support her argument, the plaintiff relies on <u>Sherar v. Cullen</u>, 481 F.2d 945, 947 (9th Cir. 1973) (holding that an individual cannot be sanctioned or penalized for exercising his or her constitutional rights). <u>Sherar</u> is factually inapposite to the issue before the Court. The plaintiff is not being sanctioned for exercising her right to be <u>pro se</u>. <u>See</u> 28 U.S.C. § 1654 (stating that a litigant has a statutory right to proceed <u>pro se</u>). Instead, the plaintiff is being sanctioned because of her continued misconduct during the discovery phase of this case. Thus, the Court rejects the plaintiff's objection that ordering her to pay monetary sanctions is a violation of her right to be <u>pro se</u>.

  3. <u>Less Stringent Standards for Pro Se Litigants</u>

5

The plaintiff also argues that she should not be held to the same standard as an attorney because she does not have the requisite knowledge and, therefore, should not be required to pay the monetary sanctions. (Doc. No. 146 at 2). The plaintiff chiefly relies on Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that allegations of a pro se complaint are held to less stringent standards than those drafted by attorneys).

"Pro se litigants are entitled to some deference from courts. But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." Ballard v. Carlson, 882 F.2d 93, 96 (4th Cir. 1989) (internal citations omitted). The record shows that the magistrate judge has displayed great patience with the plaintiff given her pro se status. On two occasions, the magistrate judge declined to impose monetary sanctions but instead chose to warn the plaintiff of the possible consequences if her misconduct continued. Both warnings cautioned the plaintiff as to monetary sanctions and the possible dismissal of her case pursuant to Rule 37(b). (Doc. No. 140 at 3-5).

The Court affirms the magistrate judge's decision to issue monetary sanctions as opposed to more severe sanctions, such as dismissal, and finds that the plaintiff is not excused from paying the sanction solely based on her pro se status. See McMahon v. F&M Bank-Winchester, No. 93-2392, 1994 U.S. App. LEXIS 36788, at *7 (4th Cir. Dec. 30, 1994) (finding that the district court's award of $42,378.00 in attorneys fees against a pro se litigant was not plain error). Therefore, the Court rejects the plaintiff's objection and does not find that ordering her to pay monetary sanctions is a violation of her right to represent herself.

4. Inability to Pay the Monetary Sanctions Because of Financial Hardship

The plaintiff objects to paying the monetary sanctions ordered because she asserts that she

is financially unable to pay. (Doc. No. 146 at 2-3). She argues that if she is forced to pay the $750.00, then she will have extreme difficulty paying for her current medical and living expenses. (Doc. No. 146 at 3). The plaintiff states that her net income is equivalent to an individual who makes $10.00 per hour and that each month she has to alternate which bills she pays which has caused her to be behind on paying her bills. (Doc. No. 146 at 3). Despite the plaintiff's financial status, the plaintiff paid the $350 filing fee for this lawsuit on August 22, 2006.

The Fourth Circuit has held that the express language of Rule 37 permits a trial court to impose sanctions when a party fails to obey an order to provide or permit discovery. Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 39 (4th Cir. 1995). Trial courts are generally given broad discretion when imposing sanctions under Rule 37. Id. at 40 (explaining that the only time trial courts are not given broad discretion to impose sanctions occurs when a court sanctions a party by dismissing the case). Moreover, an individual's pro se status, or even indigency, has not precluded courts from imposing monetary sanctions in the past. McMahon, 1994 U.S. App. LEXIS 36788, at *7 (affirming district court's decision to impose monetary sanctions against a pro se litigant even though the district court did not consider pro se litigant's ability to pay); Moon v. Newsome, 863 F.2d 835, 837-38 (11th Cir. 1989) (holding that courts may impose monetary sanctions against in forma pauperis parties and that pro se litigants are subject to the same sanctions as other litigants when a discovery order is ignored); Day v. Allstate Ins. Co., 788 F.2d 1110, 1115 (5th Cir. 1986) (holding that "a party's indigency does not make an order to pay sanctions unjust").

Despite the plaintiff's failure to comply with discovery orders and warnings previously

7

issued by the magistrate judge (Doc. No. 140 at 3-4), the plaintiff was ordered to pay only $750.00 of the $5,965.00 incurred by defense counsel as a direct result of the plaintiff's failure to notify defense counsel that she cancelled a scheduled deposition. (Doc. No. 140 at 7-8). The Court finds the amount of the sanction ordered by the magistrate judge to be paid by the plaintiff to the defendants is appropriate.

        5.        <u>Good Faith Intent in Cancelling the Deposition of Kathy Jackson</u>

The plaintiff's final objection to paying the monetary sanctions ordered is that she intended to attend the deposition and thus, should not be penalized for not attending. (Doc. No. 146 at 3-4). The plaintiff's evidence of intent is that she pre-paid the court reporter for the deposition of Kathy Jackson. (Doc. No. 146 at 3-4). The plaintiff maintains that she would have attended the deposition but for the conversation she had with Ms. Politzer, defense counsel for TIAA-CREF. (Doc. No. 146 at 3-4).

In the plaintiff's objection, she does not provide details and she does not explain how the conversation between herself and Ms. Politzer on July 16, 2008 prevented the plaintiff from attending the scheduled deposition on July 18, 2008. Furthermore, the plaintiff does not offer any legitimate reason for her failure to timely inform Ms. Politzer of the cancellation. Therefore, despite her intent to attend the deposition, the Court finds that the plaintiff is required to pay sanctions for failing to notify opposing counsel of the cancellation.

IV.    CONCLUSION

The Court finds the monetary sanctions ordered to be paid by the plaintiff are necessary to deter the plaintiff from future misconduct and, thus, the Court concludes that the magistrate's order is not clearly erroneous or contrary to law. The Court also adopts the magistrate judge's as

the final decision of this Court for all purposes relating to this case.

**IT IS, THEREFORE, ORDERED** that:

1. plaintiff's Motion for Protective Order is **DENIED**;

2. defendants' Motion for Settlement Conference is **DENIED**;

3. defendants' Second Motion for Sanctions is **DENIED IN PART** to the extent that defendants' motion seeks dismissal of the Complaint; and

4. defendants' Second Motion for Sanctions is **GRANTED IN PART** to the extent that defendants seek monetary sanctions and other nondispositive relief. Plaintiff is hereby ordered to pay $750.00 in sanctions within thirty days or her case will be dismissed.

Signed: April 8, 2009

Robert J. Conrad, Jr.
Chief United States District Judge