| | | |
|---|---|---|
| BRENDA COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TIAA-CREF, KATHY JACKSON, | ) | |
| TARAN NARAYAN, & ROBERT | ) | |
| SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the plaintiff's Motion to Appeal Bill of Costs (Doc. No. 183). The plaintiff requests that the Clerk's Taxation of Costs (Doc. No. 182) against her in the amount of $2,586.17 be stayed or dismissed.

Plaintiff first reasons that the taxation of costs should be stayed because she has a Petition for Rehearing pending before the United States Court of Appeals for the Fourth Circuit (Case No. 09-2209). This argument is moot in light of the Fourth Circuit's denial of the plaintiff's Petition for Rehearing on August 9, 2010, and issuance of a formal mandate on August 17, 2010. (Doc. No. 184).

Plaintiff argues in the alternative that she is financially unable to pay the Clerk's Taxation of Costs. However, even if the plaintiff could prove she is indigent, taxation of costs against her as a non-prevailing party under Federal Rule of Civil Procedure 54 would not be precluded. See Flint v. Haynes, 651 F.2d 970, 973 (4 th Cir. 1999) ("Non-indigents who contemplate litigation are routinely forced to decide whether their claim is worth it. We see no reason to treat indigents differently in this respect."); see also Cherry v. Champion Int'l Corp., 186 F.3d 442, 444 (4th Cir.

1999) (holding denial of prevailing party's costs in Title VII action an abuse of discretion where court based determination on plaintiff's "modest means" and "comparative lack of economic power").

This Court previously found plaintiff was capable of paying the $350 filing fee for this action (Doc. No. 3) and ordered plaintiff to pay $750 in monetary sanctions for discovery abuses and failure to comply with this Court's orders (Doc. No. 159). Plaintiff paid both of these sums. Plaintiff further provides evidence that she has title to $17,896.71 in a retirement account held by TIAA on her behalf. (Doc. No. 186 at 5). While the plaintiff suggests the Court could order TIAA to pay the Clerk's Taxation of Costs out of the retirement funds TIAA holds in her name, the Court will do no such thing. Plaintiff may access these funds to pay the award of costs against her if she so chooses. If nothing else, plaintiff's access to these retirement funds confirms her ability to pay the $2,586.17 award.

**IT IS, THEREFORE, ORDERED** that the plaintiff's Motion to Appeal Bill of Costs (Doc. No. 183) is **DENIED**. Plaintiff shall pay the Clerk's Taxation of Costs as awarded (Doc. No. 182).

Signed: September 27, 2010

Robert J. Conrad, Jr.
Chief United States District Judge